This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DEUTSCHE BANK NATIONAL TRUST**
**COMPANY, AS TRUSTEE**
**FOR SOUNDVIEW HOME LOAN TRUST 2006**
**EQ ASSET-BACKED CERTIFICATES,**
**SERIES 2006-EQ2,**

Plaintiff-Appellee,

**v.**                                            **No. A-1-CA-36260**

**REBECCA M. RIORDAN,**

Defendant-Appellant,

and

**DISCOVER BANK,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**David K. Thomson, District Judge**

Johnson Law Firm
Thomas Johnson
Albuquerque, NM

for Appellee

Gleason Law Firm, LLC

Deirdre Gleason
Heath, MA

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant-Appellant Rebecca Riordan (Defendant) appeals from the district court's order denying her motion for summary judgment premised on lack of standing and granting Plaintiff-Appellee Deutsche Bank National Trust's (the Bank) motion for summary judgment. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     The pertinent background information was set forth in the notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3}     In the memorandum in opposition, Defendant argues that the Bank failed to prove it had standing to foreclose because it provided no evidence that the indorsement on the promissory note was a blank indorsement as opposed to an anomalous indorsement. [MIO 7-13] *See* NMSA 1978, Section 55-3-205(b) (1992) ("If an indorsement is *made by the holder of an instrument* and it is not a special indorsement, it is a 'blank indorsement.' ") (emphasis added); Section 55-3-205(d) ("

2

'Anomalous indorsement' means an indorsement *made by a person who is not the holder of the instrument*.") (emphasis added). Defendant asserts that the Bank was required to provide some evidence that the original lender had not lost its status as "holder" of the promissory note at the time the undated indorsement was made. [MIO 9-10] *See* NMSA 1978, Section 55-1-201(b)(21)(A) (2005) (" '[H]older' means . . . the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]"). We are unpersuaded.

{4}     For the original lender to have lost its status as holder prior to the making of the indorsement here at issue, it would have had to have first negotiated the promissory note to another party. *See* NMSA 1978, Section 55-3-201(a) (1992) (" 'Negotiation' means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder."). Under the Uniform Commercial Code, "if an instrument is payable to an identified [party], negotiation requires transfer of possession of the instrument *and its indorsement by the holder*." Section 55-3-201(b) (emphasis added). The promissory note produced by the Bank was payable to an identified party—the original lender. [RP 9] Further, the promissory note contained a single indorsement by the original lender. [RP 15] It follows that the original lender was the holder of the note at the time the challenged indorsement was made, because there was no evidence of prior negotiation in the form

of another indorsement. *See* § 55-3-201(b). Therefore, we hold that the Bank established a *prima facie* case that the indorsement was in fact a blank indorsement giving it standing to foreclose Defendant's mortgage, which Defendant failed to defeat at summary judgment. To the extent Defendant asserts that she was not obligated to pay the note because it may have been lost or stolen, we reject this argument because Defendant presented no evidence to that effect below. [MIO 12-13] *See* NMSA 1978, Section 55-3-305(c) (2009) ("An obligor is not obliged to pay the instrument if the person seeking enforcement of the instrument does not have rights of a holder in due course and *the obligor proves* that the instrument is a lost or stolen instrument." (Emphasis added.))

**{5}** The remainder of the memorandum in opposition reiterates arguments which we addressed in our notice of proposed summary disposition. For the reasons stated therein, we remain unpersuaded.

**{6}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

**{7}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

4

**LINDA M. VANZI, Chief Judge**

_____
**J. MILES HANISEE, Judge**